**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STANDARD CONTAINER COMPANY, Respondent.**

No. 27778.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

Rehearing Denied and Rehearing En Banc Denied June 15, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold A. Hammer, N. L. R. B., Washington, D. C., Walter C. Phillips, Director, Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

Warner S. Currie, J. P. Jones, Walter O. Lambeth, Jr., Atlanta, Ga., for respondent.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

PER CURIAM:

This is a petition for enforcement of an order of the National Labor Relations Board that the respondent, Standard Container Company, among other things, (1) cease and desist from threatening employees with reprisals should they or any member of their family, engage in union activity and (2) offer Richard Geiger, a discharged employee, reinstatement to his former or substantially equivalent position and make him whole for any loss due to discriminatory discharge.

The order sought to be enforced is predicated upon the Board's adoption of findings and conclusions of the Trial Examiner that Standard engaged in action which violated §§ 8(a) (1) and 8(a) (3) of the Act. A close review of the record discloses that there is substantial evidence on the record to support the Board's order thus entitling it to enforcement.

The Board accepted the Trial Examiner's finding that Standard violated § 8(a) (1) of the Act by interrogating employee Geiger about his wife's union activity. The Trial Examiner held that this interrogation was an interference with rights guaranteed by § 7 of the Act.

Geiger was called into the plant superintendent's office adjacent to the shop, where the plant manager, plant superintendent and shop foreman were gathered. They advised him that no reprisals would come from the meeting and reiterated the Company's anti-union attitude. They then told Geiger that they had "reports" about his wife's "harassing" people to "join the union," and questioned him about them.

■ The record, fairly read, fails to reveal anything more sinister than active attempts, by Mrs. Geiger, to solicit support for the union. The record is barren of any evidence that the Company officials had any basis for their action other than a failure to properly distinguish between coercion and protected, lawful, solicitation by Mrs. Geiger. The Company's interview with Geiger was conducted under circumstances which the Board could reasonably have felt imparted an element of coercion and intimidation. Furthermore, it has long been recognized that it is the coercive *tendency* of the employer's conduct that is at issue and not whether the employee is in fact coerced. N. L. R. B. v. Camco, Inc., 340 F.2d 803, 804, n. 6 (5th Cir.1965), cert. denied, 382 U.S. 926, 86 S.Ct. 313, 15 L.Ed.2d 339. The record as a whole leads us to the conclusion that fair minded men could conclude that the interview with Geiger was an attempt, by Standard, to impede the exercise of rights guaranteed by § 7 of the Act. See Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969). Accordingly, that portion of the Board's order requiring Standard to cease and desist with such interference should be enforced.

The controversy over Geiger's discharge stems from an occurrence at the home of employee McKinnon. Geiger had previously been unsuccessful in recruiting McKinnon. Geiger and an unidentified Union official visited McKinnon in an additional attempt to solicit his support. The union representative did most, if not all, of the talking. The union representative tried to intimidate McKinnon by telling him there would be trouble for those who did not join and showed him pictures of some disturbances. Geiger stood by passively at this time. McKinnon reported this incident the next day. The Company then fired Geiger without hearing his side of the story.

■ The Board's order to reinstate Geiger is clearly entitled to enforcement. The Company had the burden to come forward with an adequate explanation for discharging Geiger once a *prima facie* case of possible discrimination had been established by the General Counsel.

N. L. R. B. v. Great Dane Trailers, Inc., 388 U.S. 26, 33–34, 87 S.Ct. 1792, 18 L. Ed.2d 1027 (1967). This the Company failed to do. The Company, instead, relied solely upon the fact that Geiger was present during the time the union official coerced McKinnon. It has long been held that misconduct or excesses of others engaged in protected activity cannot be imputed to those who do not participate in the excesses. See, N. L. R. B. v. Morris Fishman & Sons, Inc., 278 F.2d 792, 795 (3rd Cir.1960); Int'l. Ladies Garment Workers Union v. N. L. R. B., 99 U.S.App.D.C. 64, 237 F.2d 545, 549–550 (1956); N. L. R. B. v. Valley Die Cast Corp., 303 F.2d 64, 66–67 (6th Cir.1962). In the instant case Geiger was undoubtedly engaged in soliciting union support—an activity protected by § 7 of the Act. The record shows that the Company knew that Geiger was not himself responsible for the intimidation. Under these circumstances the Board's order to reinstate Geiger must be enforced. Cf. N. L. R. B. v. Burnup & Sims, Inc., 379 U.S. 21, 85 S.Ct. 171, 13 L.Ed.2d 1 (1964).

The Order of the National Labor Relations Board is hereby enforced in all respects and particulars.

ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

Before BELL and AINSWORTH, Circuit Judges.*

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

* Judge Carswell was a member of the panel originally deciding this case but did not participate in this decision.